**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **IN RE:** | **LATEX GLOVE PRODUCTS** | **:** | **MDL DOCKET NO. 1148** |
| | **LIABILITY LITIGATION** | **:** | |
| | | **:** | |
| **ANDREA HOGAN** | | **:** | **THIS DOCUMENT RELATES** |
| | | **:** | **ONLY TO CIVIL ACTION** |
| | **Plaintiff** | **:** | **NO. 02-CV-3621** |
| | | **:** | |
| | **vs.** | **:** | |
| | | **:** | |
| **ALLEGIANCE CORPORATION, and** | | **:** | |
| **MEDLINE INDUSTRIES, INC.** | | **:** | |
| | | **:** | |
| | **Defendants** | **:** | |

**MEDLINE INDUSTRIES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Medline Industries, Inc., (hereinafter "Medline"), files its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") as follows:

**ANSWER**

1 - 2.    Medline is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1- 2 of the Complaint.

3.    Medline admits that it is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Mundelein, Illinois.

4 - 6.    Medline is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 4 - 6 of the Complaint.

7.      Medline denies that it manufactured latex and/or rubber gloves.  Medline was a packager, distributor and sterilizer of latex and/or rubber gloves.  With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the Complaint.

8.      Medline is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the Complaint.

9.      Medline denies that it manufactured latex and/or rubber gloves.  Medline was a packager, distributor and sterilizer of latex and/or rubber gloves.  With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the Complaint.

10.     Paragraph 10  of the Complaint contains legal conclusions to which no answer is required.  Insofar as paragraph 10 contain allegations of fact, Medline denies each and every allegation that pertains to it.  With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint.

11.     Paragraph 11  of the Complaint contains legal conclusions to which no answer is required.  Insofar as paragraph 11 contain allegations of fact, Medline denies each and every allegation that pertains to it.  With respect to any remaining averments, Medline is without

knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the Complaint.

### A. (Negligence)

i - ii.   Medline denies that it manufactured latex and/or rubber gloves.  Medline was a packager, distributor and sterilizer of latex and/or rubber gloves.  Paragraphs Ai - ii of the Complaint contain legal conclusions to which no answer is required.  Insofar as paragraphs Ai - ii contain allegations of fact, Medline denies each and every allegation that pertains to it.  With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs Ai – ii of the Complaint.

### B. (Strict Liability in Tort)

i - iii.  Medline denies that it manufactured latex and/or rubber gloves.  Medline was a packager, distributor and sterilizer of latex and/or rubber gloves.  Paragraphs Bi - iii of the Complaint contain legal conclusions to which no answer is required.  Insofar as paragraphs Bi – iii contain allegations of fact, Medline denies each and every allegation that pertains to it.  With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs Bi – iii of the Complaint.

### C. (Failure to Warn)

i - ii.   Medline denies that it manufactured latex and/or rubber gloves.  Medline was a packager, distributor and sterilizer of latex and/or rubber gloves.  Paragraphs Ci - ii of the Complaint contain legal conclusions to which no answer is required.  Insofar as paragraphs Ci – ii

contain allegations of fact, Medline denies each and every allegation that pertains to it. With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs Ci – ii of the Complaint.

### D. (Breach of Express and Implied Warranties)

i - ii.   Medline denies that it manufactured latex and/or rubber gloves. Medline was a packager, distributor and sterilizer of latex and/or rubber gloves. Paragraphs Di - ii of the Complaint contain legal conclusions to which no answer is required. Insofar as paragraphs Di – ii contain allegations of fact, Medline denies each and every allegation that pertains to it. With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs Di – ii of the Complaint.

### E. (Misrepresentation/Non-Disclosure)

i - v.   Medline denies that it manufactured latex and/or rubber gloves. Medline was a packager, distributor and sterilizer of latex and/or rubber gloves. Paragraphs Ei - v of the Complaint contain legal conclusions to which no answer is required. Insofar as paragraphs Ei – v contain allegations of fact, Medline denies each and every allegation that pertains to it. With respect to any remaining averments, Medline is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs Ei – v of the Complaint.

### F. (Fraudulent Concealment)

i - iii.   Medline denies that it manufactured latex and/or rubber gloves. Medline was a packager, distributor and sterilizer of latex and/or rubber gloves. Paragraphs Fi - iii of the

Complaint contain legal conclusions to which no answer is required.  Insofar as paragraphs Fi –
iii contain allegations of fact, Medline denies each and every allegation that pertains to it.  With
respect to any remaining averments, Medline is without knowledge or information sufficient to
form a belief as to the truth of the averments in paragraphs Fi – iii of the Complaint.

12 - 19. Paragraphs 12 - 19 of the Complaint contain legal conclusions to which no answer
is required.  Insofar as paragraphs 12 - 19 contain allegations of fact, Medline denies each and
every allegation that pertains to it.  With respect to any remaining averments, Medline is without
knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs
12 - 19 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Medline.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the claims against Medline are barred by the doctrine of
contributory/comparative negligence.

## THIRD AFFIRMATIVE DEFENSE

Any injuries or damages sustained by plaintiff were caused, in whole or in part, by plaintiff
Andrea Hogan's acts or omissions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise proper and reasonable care to mitigate the damages averred in this action.

## FIFTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or by act of God.

## SIXTH AFFIRMATIVE DEFENSE

If plaintiff incurred loss, damage, injury, harm, expense, diminution or deprivation, this was caused by the plaintiff Andrea Hogan's idiosyncratic reaction without negligence, strict liability, or lack of care or any other breach of duty on the part of Medline.

## SEVENTH AFFIRMATIVE DEFENSE

The perils and dangers of which plaintiff complain, to the extent they exist, which Medline denies, were open and obviously known to plaintiff, a sophisticated user, who nevertheless conducted herself in such a manner as to expose herself to said perils and dangers.

## EIGHTH AFFIRMATIVE DEFENSE

If in fact plaintiff was damaged in any manner whatsoever, said damages, if any, were a direct and proximate result of the intervening and supervening conduct on the part of other named or unnamed parties, including plaintiff, Andrea Hogan, and her employers/agents, over whom Medline

has no control, and such intervening and superseding conduct of said other parties was the sole legal cause of any injury or damage to plaintiffs and bars recovery against Medline.

## NINTH AFFIRMATIVE DEFENSE

Over time, as the level of knowledge regarding possible risks of adverse reactions to latex gloves and other latex containing products used in the health care field developed, that information was widely disseminated and generally known to health care workers. Andrea Hogan, as an alleged health care worker, is familiar with natural rubber latex gloves and sophisticated in her understanding of allergic reactions.

## TENTH AFFIRMATIVE DEFENSE

There is no reasonable way of foretelling who will suffer an adverse reaction to latex gloves or other latex containing products used in the health care field.

## ELEVENTH AFFIRMATIVE DEFENSE

If any loss, damage, injury, harm, expense, diminution, or deprivation alleged by plaintiff was caused by any product distributed by Medline, which Medline denies, Medline is entitled to a reduction in any damages awarded which are attributable to the plaintiff's misuse of the product by continuing to use or to be exposed to latex gloves, despite being an alleged cause of her symptoms.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily assumed the risk of injury to herself because she had knowledge of, understood and appreciated the risks and dangers, if any, incident to the use of natural rubber latex gloves and other latex containing products used in the health care field.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The methods, standards, and techniques utilized in Medline's natural rubber latex gloves, and in issuing warnings and any instructions with respect to use, conformed with the generally recognized, reasonably available, and reliable state of medical and scientific knowledge at the time the gloves were distributed or sold, and conformed to the state of the art for the design and labeling of similar products.

**FOURTEENTH AFFIRMATIVE DEFENSE**

After any alleged products left the possession and control of Medline and without Medline's knowledge or approval, the alleged product was re-designed, modified, altered, incorporated into a finished product, or subjected to treatment that substantially changed its character. The defect in any alleged product, as alleged in the Complaint, resulted, if at all, from the redesign, modification, alteration, treatment, or other change of the product after Medline relinquished possession and control over any alleged product and not from any act or omission of Medline.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The latex gloves at issue were fit and proper for their intended purpose and the social utility of the gloves or related equipment outweighs any possible risk inherent in the use of this product.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of the lack of privity between plaintiff and Medline.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff was a sophisticated user of latex rubber gloves and, therefore, no duty existed for Medline to warn plaintiff of any potential risk associated with the use of latex rubber gloves.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any duty to warn plaintiff of the risks and hazards associated with the subject product was discharged by providing adequate warning to physicians, receiving hospitals and health care facilities, and therefore, the learned intermediary doctrine bars recovery of any damages.

## NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff has been injured by latex gloves, the gloves are deemed to be an "inevitably unsafe" product as defined in comment(k), section 402A of the Restatement of Torts(2d) and, at all relevant times, the gloves were not unreasonably dangerous given the state of knowledge regarding such product and, as such, strict liability in tort does not apply to latex gloves, all of which precludes the imposition of strict liability against Medline.

## TWENTIETH AFFIRMATIVE DEFENSE

Latex gloves are neither defective nor unreasonably dangerous because they are medical devices falling within what is commonly known as "comment (j)" in the Restatement (2d) of Torts,

section 402A, in that latex gloves were, at all times material to plaintiff's Complaint, reasonably safe, and reasonably fit for their intended use, and the warnings and instructions accompanying latex gloves at the time of the occurrence or injuries alleged by plaintiff were legally adequate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to give proper and timely notice of her claims of breach of warranty and have failed to comply with the Commercial Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Medline, if any, are barred, in whole or in part, by the applicable statute of limitations and the doctrines of laches, waiver and estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The granting of relief prayed for in plaintiff's Complaint is unconstitutional under the United States Constitution in that it violates Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, violates constitutional proscriptions against excessive fines, and violates applicable state statutes, policies, and common law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The causes of action averred in the Complaint are preempted, in whole or in part, by applicable federal and state law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Venue is improper.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

For the convenience of parties and witnesses, in the interest of justice, venue should be transferred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Medline's liability, if any, to plaintiff is limited, in whole or in part, by applicable state law restricting the liability of parties who did not manufacture the goods involved in the action.

**WHEREFORE**, Medline respectfully demands that judgment be entered in its favor and against plaintiffs, together with costs, and that Medline be granted any additional relief to which it may be entitled.

**JANSSEN & KEENAN P.C.**

**By:**
        HENRY H. JANSSEN, ESQUIRE
        KENNETH JAY GRUNFELD, ESQUIRE
        Attorneys for Defendant
        Medline Industries, Inc**.**

**Dated: _____**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that true and correct copies of the foregoing **Answer and Affirmative Defenses of Defendant, Medline Industries, Inc., to Plaintiffs' Complaint** were served on the date set forth below via First Class Mail, U.S. postage prepaid, on the following counsel and parties:

Timothy Butler, Esquire
**Tibbetts Keating  & Butler, LLC**
43 Corbin Drive
Darien, CT 06820

Diane P. Sullivan, Esquire
Dechert, Price & Rhoads
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, New Jersey 08543-5218

David S. Shrager, Esquire
**Shrager Spivey Sachs & Weinstock**
2001 Market Street
Philadelphia, PA  19103

James A. Willhite, Esquire
**Montgomery, McCracken, Walker
& Rhoads, LLP**
The Fidelity Building
123 South Broad Street
Philadelphia,  PA  19109

Dianna N. Nast, Esquire
**Roda & Nast, P.C.**
801 Estelle Drive
Lancaster, PA  17601

Alan L. Unikel, Esquire
**Seyfarth Shaw**
Suite 4200
55 East Monroe Street
Chicago, IL  60603

Ralph I. Knowles, Esquire
**Doffermyer, Shields, Canfield,
Knowles & Divine**
1600 The Peachtree
1355 Peachtree Street
Atlanta, GA  30309

**JANSSEN & KEENAN P.C.**


**By:**

    HENRY H. JANSSEN, ESQUIRE
    KENNETH JAY GRUNFELD, ESQUIRE
    JANSSEN & KEENAN P.C.
    2005 Market Street – Suite 2050
    Philadelphia, PA  19103
    (215) 665-8888
    Attorneys for Defendant,
    Medline Industries, Inc.

Dated: _____